820 F.2d 1220
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Tyrone CARSON, Defendant-Appellant.
 No. 86-5177.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 22, 1987.
Decided June 4, 1987.
 
 Before RUSSELL, SPROUSE and WILKINSON, Circuit Judges.
 Edward F. Connors, III, on brief, for appellant.
 Henry E. Hudson, United States Attorney, Karen P. Tandy, Assistant United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Gregory Carson was convicted of assault resulting in serious bodily injury after a stabbing incident at Lorton Reformatory, where Carson was an inmate. At trial, the victim of the stabbing professed himself unable to remember any details of the incident, even though he was permitted to refresh his memory by looking through the transcript of his grand jury testimony about the stabbing. The trial judge declared the victim unavailable as a witness and allowed his grand jury testimony to be read to the jury. In this appeal, Carson alleges error in the introduction of the grand jury testimony, arguing that the witness was not unavailable and that the grand jury testimony lacked sufficient indicia of reliability and trustworthiness. We affirm the conviction.
 
 
 2
 The victim, David Edwards, testified before a grand jury that he and Carson had gotten into an argument in the recreation yard over a basketball game. The argument became a fist fight, which Edwards won. Edwards testified that Carson then went into the dormitory and came out a few minutes later carrying a weapon something like an ice pick with which he stabbed Edwards in the face. The weapon penetrated Edwards' upper right cheek, fracturing a tooth, punctured the roof of his mouth, fractured his lower left jaw and emerged through his lower left chin. Edwards testified that Carson pulled the weapon out and would have stabbed him again had not another inmate, Kirk Holland, come to his aid. Edwards said that Carson again went inside the dorm building and, as he and Holland attempted to enter, Carson had come out and swung a metal chair at them.
 
 
 3
 This testimony was substantially corroborated at trial by the testimony of two other inmates, Kirk Holland and Andrew Cheek.
 
 
 4
 Holland described the fist fight, Carson's defeat and return to the dorm. He said he had not actually seen the stabbing, but had heard someone holler and had turned to see Edwards already stabbed and Carson running back into the dorm followed by a crowd of other inmates. He had helped Edwards into the building and said that Carson had pushed a chair at them as they were going up the stairs.
 
 
 5
 Cheek testified as to the fist fight and Carson's return to the dormitory afterward. Cheek said that while Carson was inside the dorm, he had himself gone inside to make a phone call and had seen Carson standing next to a trashcan near the doorway. Standing on the trashcan he saw another man whom he could not identify reaching into the ceiling where weapons were usually hidden. Unable to make his call, Cheek had come back shortly afterward and had seen Carson go out the door with an object like a screwdriver in his hand, jump over the rail of the steps and stab Carson.
 
 
 6
 Carson himself testified that the fight had occurred and that he had gone into the dorm to get medical attention afterward, but that he had stopped near the door and decided instead to go back outside to talk to Edwards. He testified that while he was standing inside he picked up a little, dark object and put it in his jacket pocket. He did not remember this object clearly. He did not recall whether it was pointed or not. He stated that he had put it in his pocket because he was afraid of Edwards, and that when he did go outside Edwards attacked him and in self-defense Carson struck at him. The weapon was never found.
 
 
 7
 The first issue raised here is whether Edwards' alleged inability to remember what happened rendered him an unavailable witness under Rule 804 of the Federal Rules of Evidence. Carson contends that Edwards' statement on the witness stand that he could not recall the day of the stabbing or what had happened to him that day was an insufficient basis for the trial court's decision to declare him unavailable. Carson argues that the government should have given notice to defense counsel of Edwards' loss of memory and submitted medical records from the prison. In the alternative, recognizing that the failure to recall may have stemmed from a simple fear of retaliation, Carson insists that a hearing should have been held outside the presence of the jury and Edwards should there have been pressured to testify before the trial court could properly declare him unavailable. Carson cites United States v. Garner, 574 F.2d 1141 (4th Cir.), cert. denied, 439 U.S. 936 (1978), United States v. West, 574 F.2d 1131 (4th Cir.1978), and United States v. Murphy, 696 F.2d 282 (4th Cir.1982), in support of his arguments. His reliance on these cases is misplaced.
 
 
 8
 First, in West, the witness had been killed. There was no question that he was unavailable and the government was able to give prior notice of the fact to the defendant.
 
 
 9
 In Garner and in Murphy, the witness was unavailable because he simply refused to testify. In that circumstance, the court is required to use its best efforts to persuade the witness to testify before making a finding that he is unavailable under Rule 804(a)(2). Here however, the witness claimed that he could not remember the event he was to testify about. In such a case, whether the claim is true or false, whether it is based on a physical condition or on fear, Rule 804(a)(3) requires no more than that the witness testify to a lack of memory, as Edwards did, in order to be found unavailable. See United States v. Palumbo, 639 F.2d 123, 127 (3d Cir.), cert. denied, 454 U.S. 819 (1981). Therefore, the district court did not err in declaring Edwards an unavailable witness.
 
 
 10
 The second issue Carson raises is whether Edwards' grand jury testimony bore indicia of reliability and trustworthiness which were sufficient to make it admissible under Rule 804(b)(5) as an exception to the rule against hearsay. If the reliability of an unavailable witness' prior statement is adequately shown, the confrontation clause is not violated. Ohio v. Roberts, 448 U.S. 56, 66 (1980); United States v. West, 574 F.2d 1131, 1137 (4th Cir.1978). Our previous cases have held that where grand jury testimony is supported by corroborative testimony presented at trial, it may be considered to display sufficient indicia of reliability to permit its admission. United States v. Garner, 574 F.2d at 1146; United States v. Murphy, 696 F.2d at 286.
 
 
 11
 In this case, the events narrated in Edwards' grand jury testimony were substantially verified by the testimony of the two other inmates who testified, and also by the testimony of the defendant Carson himself, who admitted stabbing Edwards in the face, though he characterized it as self-defense. One important difference between Edwards' and Carson's versions was that Edwards said Carson jumped him from behind, while Carson said he approached Edwards, spoke to him, was attacked by Edwards and stabbed Edwards while defending himself from this attack. The two other inmates who testified agreed that the second encounter between Edwards and Carson (resulting in the stabbing) happened very quickly, which tends to support Edwards' version. In addition, a prison guard who testified stated that, immediately after the incident, Carson denied having stabbed Edwards, though he later admitted doing it. Inmate Holland also testified that Carson accused him of stabbing Edwards at that time and that he was locked up because of the accusation. Because this testimony damages Carson's credibility, it tends to bolster the reliability of Edwards' version of events given before the grand jury. Therefore, for all the above reasons, we find that the requirements of Rule 804(b)(5) were satisfied and the admission of Edwards' grand jury testimony was not error.
 
 
 12
 Accordingly, we affirm the conviction. We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and argument would not significantly aid the decisional process.
 
 
 13
 AFFIRMED.